UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATIA ISSA,

    Plaintiff,

v.                                                                         Case No. 15-12327

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                              /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Catia Issa appeals from Defendant Commissioner of Social Security's denial of her application for supplemental security income benefits. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") (Dkt. # 14) advising the court to deny Plaintiff's motion for summary judgment (Dkt. # 11) and grant Defendant's motion for summary judgment (Dkt. # 13). Plaintiff timely filed Objections to the R&R (Dkt. # 15), to which Defendant responded (Dkt. # 16). After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff's first objection takes aim at Magistrate Judge Patti's conclusion that the ALJ gave good reasons for discounting the medical opinions of the treating physician (Dr. Fadel) and the consultative examiner (Dr. Geoghegan).

As noted by Magistrate Judge Patti and the ALJ, Dr. Fadel's opinion was at odds with Plaintiff's own statements about her ability to perform daily activities. An ALJ is entitled to discount a treating physician's opinion "that is contradicted by statements from the claimant himself." *West v. Comm'r Soc. Sec. Admin.*, 240 F. App'x 692, 697 (6th Cir. 2007). Plaintiff's only response is, it seems, to argue that the differences in Plaintiff's and Dr. Fadel's assessment were *de minimis*.[1] Plaintiff provides no support for such an exception to the rule that ALJ's may consider differences in a claimant's and a physician's assessments, and the differences, while not shocking, are at least notable: Plaintiff says she can pick up five pounds, her physician says she cannot (Dkt. #9-4, Pg. ID 261); Plaintiff says she can stand for thirty minutes, her physician says only fifteen to twenty minutes (*Id.* at Pg. ID 259); et cetera. The ALJ gave good reasons to discount the treating physicians opinion.

As to Dr. Geoghegan, the consultative examiner, his opinions were both inconsistent with Plaintiff's own statements and the ALJ noted that his recommendations were somewhat vague or equivocal. Dr. Geoghegan stated that

---

[1] Defendant asserts, it appears correctly so, that Plaintiff did not raise this argument before Magistrate Judge Patti. Accordingly, in addition to failing on the merits, this objection is deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Plaintiff "would likely benefit from restrictions with regards to ambulating, climbing stairs, or being in a seated or standing positions for long periods of time." (Dkt. 9-4, Pg. ID 235.) He also noted that "[t]his would likely limit her ability to use her upper extremities for lifting, pulling, pushing, or carrying anything greater than five pounds on an occasional basis." (*Id.*) His recommendation, as the ALJ notes, is generally non-specific, and it is prefaced with unclear, probabilistic qualifiers ("would likely benefit" and "would likely limit"). The ALJ also referenced the claimant's self-assessment in which she stated that she could take care of the house, do some gardening, prepare full meals, and go grocery shopping as evidence that Plaintiff could lift more than five pounds on an occasional basis. (Dkt. # 9, Pg. ID 47.) Thus, while giving it some weight, the ALJ properly discounted Dr Geoghegan's opinion. Plaintiff's first objection is overruled.

### B. Objection Two

Plaintiff generally states a disagreement with Magistrate Judge Patti's conclusion that the ALJ properly gave significant weight to the opinion of Dr. Sonia Ramirez-Jacobs, the non-examining state agency medical consultant. However, Plaintiff advances nothing more than a general disagreement with Magistrate Judge Patti's recommendation and the ALJ's conclusions, stating that generally non-examining source opinions should receive less weight than examining source opinions. But "bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Further, the court agrees with Magistrate Judge Patti: where "the

non-examining source's opinion is consistent with the overall record and the treating source's opinion is not, the ALJ is permitted to give greater weight to the former than the latter." (R&R 26 (citing SSR 96-6p (S.S.A. July 2, 1996)).) The Magistrate Judge's recommendation is well founded, and Plaintiff's objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 15) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 14) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 11) is DENIED and Defendant's Motion for Summary Judgment (Dkt. # 13) is GRANTED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2016, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522